# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**MICHAEL W. WALKER**                                                **APPELLANT**

**v.**                                        **Case No. 4:17-cv-00485**

**FREDERICK S. WETZEL, III,** *et al.*                               **APPELLEES**

### OPINION AND ORDER

On July 13, 2017, the United States Bankruptcy Court for the Eastern District of Arkansas entered an order denying debtor Michael W. Walker's *pro se* motion to clarify and strike (Dkt. No. 23-1, at 46).[1] Mr. Walker filed a notice of appeal from that order on July 28, 2017 (Dkt. No. 1). On September 22, 2017, the Bankruptcy Court entered an order denying debtor Mr. Walker's *pro se* objection to motion to withdraw as counsel and Mr. Walker's *pro se* supplemental objection (Dkt. No. 23-1, at 55). Mr. Walker filed a Notice of Appeal from that order on October 18, 2017. *Walker v. Wetzel*, Case No. 4:17-cv-00675-KGB, Dkt. No. 1 (E.D. Ark. Oct. 18, 2017). The second appeal was consolidated with the first by an order from this Court (Dkt. No. 29). The Court has jurisdiction to hear these appeals pursuant to 28 U.S.C. § 158(a). For the reasons discussed below, the Court dismisses without prejudice Mr. Walker's appeal.

## I.    Background

While the history of this case appears somewhat convoluted, the facts surrounding the issues on appeal are straightforward. This case arises from a Chapter 13 bankruptcy proceeding in which Mr. Walker filed a voluntary petition on January 8, 2016 (Dkt. No. 23-1, at 2). The bankruptcy filing was proceeded by an Arkansas state court action in which Dr. Judy McDonald

---

[1] All citations herein are to the record on appeal, rather than to the docket entries in the bankruptcy proceeding. The proceeding below is *In re Walker*, Case No. 4:16-bk-11423, Dkt. No. 261 (E.D. Ark. Bankr. Sept. 22, 2017).

and other plaintiffs sued Mr. Walker on February 1, 2011, for fraud, breach of fiduciary duty, conversion, accounting, trespass, and assault (Dkt. No. 24-4, at 2-10).  After discovery, Arkansas Circuit Judge Marcia Hearnsberger entered a letter order denying plaintiffs' motion for partial summary judgment and Mr. Walker's motion for partial judgment on the pleadings (Dkt. No. 24-21, at 3).  Judge Hearnsberger found that the parties were entitled to a jury trial on certain claims, and that "[a]ll traditionally equitable issues pled by the parties such as accounting, attorney's fees and costs, and Dissolution and Receivership will be determined by the Court." (*Id*.).

After a trial before a jury, the jury returned a verdict in Dr. McDonald's favor (Dkt. No. 24-23, at 2).  Judge Hearnsberger issued a judgment on the jury's verdict, which included the following findings:

1. The Jury found in favor of Plaintiff Spillway Mountain Village and Resort, LLC ("SMVR") against [Mr. Walker] in the amount of $148,000 on its breach of fiduciary duty claim.

2. The Jury found in favor of Plaintiff [SMVR] against [Mr. Walker] in the amount of $148,000 on its conversion claim; and

3. The Jury found in favor of Plaintiff Judy McDonald against [Mr. Walker] in the amount of $75,000 on her conversion claim . . . .

(*Id*.).  The jury also found in favor of Mr. Walker on Dr. McDonald's claim of assault, and the jury found in favor of Dr. McDonald on Mr. Walker's counterclaims.  Judge Hearnsberger's judgment also states that "[w]ith the consent" of Mr. Walker, the claim for dissolution of SMVR was granted (*Id*., at 3).  Judge Hearnsberger ordered SMVR dissolved and stated that the activity of SMVR was limited to acts winding up its affairs (*Id*.).

An amended judgment on jury verdict was entered on September 17, 2015, which corrected clerical errors in the original judgment on jury verdict (Dkt. No. 24-24).  Then, on December 10, 2015, Judge Hearnsberger entered a final judgment granting SMVR judgment against Mr. Walker

in the amount of $296,00.00 and granting Dr. McDonald two judgments against Mr. Walker, one

in the amount of $75,000.00 and the other in the amount of $100,000.00 (Dkt. No. 24-25, at 3).

The final judgment also stated that "[t]his court retains jurisdiction over the dissolution of [SMVR]

to appoint a receiver and supervise the winding up of its affairs. All other claims of the parties are

dismissed." (*Id*., at 4). On the same day, at the request of Dr. McDonald and with the consent of

Mr. Walker, Judge Hearnsberger appointed Richard Cox as receiver for SMVR (Dkt. No. 24-26,

at 1).

Mr. Walker then filed his voluntary petition for Chapter 13 bankruptcy on January 8, 2016

(Dkt. No. 23-1, at 2). Mr. Cox, as receiver for SMVR, filed a proof of claim against Mr. Walker

in the amount of $201,240.00, based on a "Houseboat Lease Agreement." (Dkt. No. 24-27, ag 3).

Mr. Cox also filed a proof of claim on SMVR's behalf in the amount of $308,569,84 (Dkt. No. 24-

28, at 4). Further, Mr. Cox filed another proof of claim in the amount of $204,035.00 against Mr.

Walker, again based upon the Houseboat Lease Agreement (Dkt. No. 24-29, at 3). Dr. McDonald

also filed a proof of claim in the amount of $178,068.48 against Mr. Walker (Dkt. No. 24-31, at

3). She further filed a proof of claim in the amount of $227,792.50 for "[c]ontribution on

Houseboat lease payments" or alternatively for "lease rejection damages" against Mr. Walker

(Dkt. Nos. 24-32, at 3; 24-33, at 3).

On September 2, 2016, the bankruptcy case was converted to a Chapter 7 bankruptcy (Dkt.

No. 23-1, at 21). Then, on January 31, 2017, Chapter 13 Trustee Frederick Wetzel filed a motion

for approval of compromise and settlement (Dkt. No. 23-1, at 24). In this motion, Mr. Wetzel

noted that Mr. Walker listed his ownership share in SMVR at $2,093,437.35 but that Dr.

McDonald disputed that Mr. Walker's ownership interest had value (Dkt. No. 24-39, at 2). Mr.

Wetzel further noted that Mr. Walker "scheduled an appeal of the $471,000.00 of judgments

entered against him in favor of Dr. McDonald." (*Id.*).  According to the motion, Mr. Walker did

not timely pursue that appeal (*Id.*, at 3).  Mr. Wetzel also noted the claims that SMVR, *via* its

receiver, Mr. Cox, asserted against Mr. Walker (*Id.*, at 4).  Per the proposed settlement, Mr. Wetzel

agreed to withdraw all of the claims of the estate against Dr. McDonald and SMVR and to assign

the estate's interest in SMVR to Dr. McDonald (Dkt. No. 24-39, at 4).  In exchange, Dr. McDonald

would pay $75,000.00 to the estate and withdraw all of her claims and all claims of SMVR against

the estate (*Id.*).  Mr. Wetzel acknowledged Mr. Walker's asserted claims against Dr. McDonald

and SMVR, but Mr. Wetzel noted that substantial costs would have to be incurred to pursue those

claims and that the estate had no funds for such costs (*Id.*, at 5).  Given these obstacles, Mr. Wetzel

opined that the proposed settlement was in the best interest of the estate and should be approved

(*Id.*).

A hearing was held on the motion for approval of compromise and settlement before the

bankruptcy court (Dkt. No. 23-1).  The bankruptcy court approved the compromise agreement

proposed by Mr. Wetzel (*Id.*, at 12).  Regarding the compromise agreement, the bankruptcy court

explained its reasoning as follows:

> It's in the best interest of creditors because it appears as though all creditors are
> going to get paid.  There's a good chance that those remaining creditors, of about
> [$]21,000 dollars, not all of those will file a proof of claim.  It may be then, that
> being the case, furthermore, if there's some objections to claims, that frees up even
> that much more money for legitimate creditors and may even be a basis for getting
> money back to Mr. Walker.

(Dkt. No. 23-2, at 13).  The bankruptcy court also noted Judge Hearnsberger's ruling in the state

court case:

> And when I read Judge Hearnsberger's opinion, it looks and appears as though
> that's barred.  It's—it's done.  She's saying, even if prior to that time she had a
> letter where she reserved some equitable claims for resolution subsequently, her
> order seems, to me, as Mr. Wetzel testified to, trumps that other letter.  This is the

final judgment saying all of these other matters are now resolved between the parties.

Furthermore, even if there was some wiggle room on that, it would seem that res judicata would apply since all the parties were at the first case, and these matters, if they were not raised in particularity, could have been—could have been raised at that point. And based on, as my understanding of the law, res judicata in that context would be mandatory and would be applied. So I don't think Mr. Walker's claims can be pursued against Ms. McDonald, or otherwise, I think they've been resolved and they're gone and they're part of litigation history.

(*Id*., at 13-14). An order was entered in the bankruptcy granting Mr. Wetzel's motion for approval which incorporated the oral findings of fact and conclusions of law that were issued from the bench. *Walker v. Wetzel*, Case No. 4:17-cv-00675-KGB, Dkt. No. 4-3, at 1.

Mr. Walker then filed a series of motions that led to the appeal currently before the Court. Through his counsel, Mr. Walker filed a motion for new trial on May 22, 2017, to which Dr. McDonald objected (Dkt. No. 23-1, at 38). Then, on May 30, 2017, Mr. Walker, through his counsel, filed a motion to withdraw the motion for new trial and a motion to withdraw as attorney (*Id*., at 39-40). On June 2, 2017, the bankruptcy court granted the motion to withdraw the motion for new trial and the motion to withdraw as attorney (*Id*., at 40-41). Then, on June 6, 2017, Mr. Walker filed two motions: (1) a "*Pro Se* Motion To Clarify and Strike" and (2) a "*Pro Se* Objection To Motion To Withdraw As Counsel." (*Id*., at 41). Dr. McDonald responded in opposition to both of those motions (*Id*., at 42).

In his *pro se* motion to clarify and strike, Mr. Walker argued that he did not give his counsel consent to file the motion to withdraw the motion for new trial, and therefore, he asked the bankruptcy court to strike the previously filed motion to withdraw the motion for new trial (Dkt. No. 23-3). In his *pro se* objection to motion to withdraw as counsel, Mr. Walker sought an order from the bankruptcy court striking the prior order granting his counsel leave to withdraw. *Walker v. Wetzel*, Case No. 4:17-cv-00675-KGB, Dkt. No. 4-10, at 1. Later, on August 30, 2017, Mr.

Walker filed a *pro se* supplemental objection to motion to withdraw as counsel, wherein he asked the bankruptcy court to grant the motion to withdraw as counsel, subject to various conditions. *Walker v. Wetzel*, Case No. 4:17-cv-00675-KGB, Dkt. No. 4-34, at 9-10.

On June 22, 2017, a hearing was held on Mr. Walker's *pro se* motion to clarify and strike (*Id.*, at 44). The transcript of this hearing has not been entered into the appellate record. Based upon pleadings and arguments by the parties, the Court understands that, in a written order, the bankruptcy court denied Mr. Walker's *pro se* motion to clarify and strike arguing that Mr. Walker's motion was futile and that, since the settlement between Mr. Wetzel and Dr. McDonald was "fully consummated," the motion was moot (Dkt. No. 23-6, at 1). Furthermore, the bankruptcy court observed that Mr. Walker could not move to strike his prior motion to withdraw counsel because Mr. Walker is bound by the acts of his counsel (*Id.*, at 2).

On September 21, 2017, a hearing was held on Mr. Walker's *pro se* objection to motion to withdraw as counsel and his *pro se* supplemental objection to motion to withdraw as counsel. *See Walker v. Wetzel*, Case No. 4:17-cv-00675-KGB, Dkt. No. 1-2, at 1. In a written order, the bankruptcy court held that, "[f]or the reasons stated on the record," Mr. Walker's *pro se* objection to motion to withdraw as counsel was denied and his *pro se* supplemental objection to motion to withdraw as counsel was overruled. *Id.* The transcript of this hearing is not within the appellate record.

## II.    Discussion

Mr. Walker's first notice of appeal states that he is appealing from the "trustee settlement" that was entered on July 13, 2017, as "Doc# 261." (Dkt. No. 1-5). According to the bankruptcy docket, docket entry #261 is an order denying Mr. Walker's *pro se* motion to clarify and strike

(Dkt. No. 23-1, at 46). The Court therefore treats Mr. Walker's first notice of appeal as appealing that order—and only that order—from the bankruptcy court.

In his second notice of appeal, Mr. Walker states that he is appealing docket entry #310 from the bankruptcy docket, which corresponds with the bankruptcy court's order denying Mr. Walker's *pro se* objection to motion to withdraw as counsel and his *pro se* supplemental objection to motion to withdraw as counsel. *See Walker v. Wetzel*, Case No. 4:17-cv-00675-KGB, Dkt. No. 1, at 1. The Court therefore treats Mr. Walker's second notice of appeal as appealing the bankruptcy court's order denying those two motions.

As discussed below, the Court concludes that Mr. Walker does not have standing to bring his appeal. Even if Mr. Walker did have standing to bring his appeal, Mr. Walker has failed to provide the Court with enough evidence to review the orders he is appealing. Finally, even if Mr. Walker properly appealed the bankruptcy court's approval of the trustee's proposed settlement agreement, such an appeal would be moot.

For the following reasons, the Court finds that it must dismiss Mr. Walker's appeal of each of these orders.

### A. Standing

First, the Court concludes that Mr. Walker does not have standing to appeal the bankruptcy court's orders denying his *pro se* motion to clarify and strike, *pro se* objection to motion to withdraw as counsel, and his *pro se* supplemental objection to motion to withdraw as counsel. The threshold issue to be determined is whether the Mr. Walker has standing as an "aggrieved party" to the bankruptcy court's order. *In re Peoples*, 494 B.R. 395, 397 (8th Cir. B.A.P. 2013), *aff'd*, 764 F.3d 817 (8th Cir. 2014); *see Nangle v. Surratt–States (In re Nangle)*, 288 B.R. 213, 216 (8th Cir. B.A.P. 2003) (citations omitted). To establish standing by way of a pecuniary interest there

must be a showing of a direct injury resulting from the order. *See Yukon Energy Corp. v. Brandon Invs., Inc. (In re Yukon Energy Corp.)*, 138 F.3d 1254, 1259 (8th Cir. 1998); *Fidelity Bank, Nat'l Assn. v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996). "This principle limits standing to persons with a financial stake in the bankruptcy court's order." *In re Nangle*, 288 B.R. at 216 (citing *In re Marlar*, 252 B.R. 743, 748 (8th Cir. B.A.P. 2000)).

By commencing a voluntary bankruptcy case, a debtor's assets become property of the bankruptcy estate, and the trustee has control of the disposition of such assets. *In re Peoples*, 494 B.R. at 397 (citing 11 U.S.C. §§ 541(a), 704 (2013)). Consequently, a Chapter 7 debtor cannot normally establish a pecuniary interest in property of the estate. *Id*. at 398. To meet the pecuniary interest requirement, Mr. Walker bears the burden to show that, after payment of all claims, there would be a surplus of funds to be paid pursuant to 11 U.S.C. § 726(a)(6). *Id.*

Here, the record evidence indicates that a surplus is possible, though not certain. The bankruptcy court acknowledged the possibility that a surplus might exist if certain creditors did not file proofs of claims (Dkt. No. 23-2, at 13). Standing, however, may not be conferred when the interest alleged is speculative or contingent. *In re Peoples*, 494 B.R. at 398 (citing *Gentile v. DeGiacomo (In re Gentile)*, Case No. MB 12-071, 2013 WL 2221496, at *3 (1st Cir. BAP May 20, 2013)). There is nothing in the record before the Court that indicates that a surplus exists in Mr. Walker's bankruptcy. Rather, the record indicates a *chance* that a surplus may exist, depending on whether certain creditors file proofs of claims. Accordingly, Mr. Walker has failed to meet his burden of establishing a pecuniary interest to establish his standing to object to the bankruptcy court's order or to pursue this appeal.

## B.    Failure To Lodge Record

Even if Mr. Walker had standing to bring this appeal, the Court would dismiss his appeal because he has failed to provide the Court with the transcripts of the hearings held on the *pro se* motion to clarify and strike, *pro se* objection to motion to withdraw as counsel, and his *pro se* supplemental objection to motion to withdraw as counsel.  According to the Federal Rules of Bankruptcy Procedure:

> If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits.

Fed. R. Bankr. P. 8009(b)(5).  A court reviewing an appeal from a bankruptcy court cannot perform such a review if the pertinent record is unavailable.  *In re Coppess*, 567 B.R. 543, 545 (8th Cir. B.A.P. 2017).  In the event a transcript of a proceeding before the bankruptcy court is unavailable:

> [T]he appellant must prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.  The statement must be filed within the time prescribed by subdivision (a)(1) and served on the appellee, who may serve objections or proposed amendments within 14 days of being served. The statement and any objections or proposed amendments must then be submitted to the bankruptcy court for settlement and approval.

Fed. R. Bankr. P. 8009(c).

The Court previously warned Mr. Walker that he failed to present the transcripts from the hearings held before the bankruptcy court on his *pro se* motion to clarify and strike, *pro se* objection to motion to withdraw as counsel, and his *pro se* supplemental objection to motion to withdraw as counsel (Dkt. No. 19).  The Court cannot review the bankruptcy court's orders without reviewing the bases for the bankruptcy court's rulings.  *In re Coppess*, 567 B.R. at 545.  A hearing on Mr. Walker's *pro se* motion to clarify and strike was held on June 22, 2017, and in the bankruptcy court's order denying that motion, the bankruptcy court noted that its hearing was based upon the arguments of the parties (Dkt. No. 23-6, at 1).  Furthermore, a hearing was also

held on Mr. Walker's *pro se* objection to motion to withdraw as counsel and his *pro se* supplemental objection to motion to withdraw as counsel, and in the order denying those motions, the bankruptcy court stated that it was denying the motions "[f]or the reasons stated on the record . . . ." *See Walker v. Wetzel*, Case No. 4:17-cv-00675-KGB, Dkt. No. 1-2, at 1. Mr. Walker has not presented a statement of the evidence in lieu of transcripts under Rule 8009(d) of the Federal Rules of Bankruptcy Procedure. Since the transcripts of the hearings on the appealed orders are not before the Court, the Court is unable to review the orders appealed by Mr. Walker. *In re Coppess*, 567 B.R. at 545.

### C.    Challenge To Settlement Agreement Approval Is Moot

In his reply, Mr. Walker asserts that the "paramount issue" pertains "to the inconsistent facts of the terms and conditions of the McDonald Compromise and Settlement Agreement." (Dkt. No. 39, at 12). According to Mr. Walker, "the severance of the [equitable] issues, accounting and dissolution should have been left to proceed to completion by the Receiver." (Dkt. No. 35, at 12). Even if Mr. Walker properly appealed the bankruptcy court's order approving Mr. Wetzel's proposed settlement agreement, the Court concludes that such an appeal would be moot.

"Federal courts are not empowered to give opinions on moot questions or declare rules of law which cannot affect the matter in issue in the case before it." *U.S. v. Asset Based Resource Group, LLC*, 612 F.3d 1017, 1018-19 (8th Cir. 2010) (quoting *Jefferson Co. v. Halverson (In re Paulson)*, 276 F.3d 389, 392 (8th Cir. 2002)) (holding that because creditor failed to move for stay of order approving foreclosure and because the foreclosure was carried out, the appeal was moot); *In re Strong*, 312 B.R. 378 (B.A.P. 8th Cir. 2004) (finding that appeal was moot where debtor failed to make plan payments, foreclosure went forward, and debtor failed to move for a stay of the foreclosure), *aff'd*, 138 Fed. App'x 870 (8th Cir. 2005). Here, the record indicates that the

settlement agreement proposed by Mr. Wetzel and approved by the bankruptcy court has been "fully consummated." (Dkt. No. 23-6, at 1). There is no record evidence that Mr. Walker moved for a stay of the terms of the settlement agreement or that the settlement agreement is otherwise stayed. Accordingly, assuming for the sake of argument that Mr. Walker properly appealed the bankruptcy court's order approving the settlement agreement, the appeal is moot as the record before the Court indicates that the settlement agreement has already been carried out.

### III.    Conclusion

For the reasons discussed above, because this Court determines Mr. Walker lacks standing, the Court dismisses without prejudice Mr. Walker's appeal.

So ordered this 31st day of March, 2019.

_____
Kristine G. Baker
United States District Judge